UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Allan Rainey,<br><br>PLAINTIFF<br><br>v.<br><br>Ms. Labador, Director of Mental Health Services,<br><br>DEFENDANT | Case No. 9:23-cv-03588-JFA<br><br><br>**ORDER** |

## I.  INTRODUCTION

Christopher Allan Rainey, ("Rainey"), an inmate proceeding *pro se* and in *forma pauperis*, filed this civil action against the above-named defendants alleging various violations of his constitutional rights. (ECF No. 1). The complaint was referred, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), to United States Magistrate Judge Molly Cherry.

On June 26, 2023, Rainey filed a complaint in federal court along with a motion to proceed *in forma pauperis*. On September 27, 2023, the Magistrate Judge granted Rainey's request to proceed *in forma pauperis*. On April 1, 2024, the Defendant filed a Motion for Summary Judgment. (ECF No. 28). A *Roseboro* Order was issued directing Plaintiff to respond to the Motion for Summary Judgment on April 2, 2024 (ECF No. 29). No response was filed. Thereafter, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Plaintiff's case be dismissed for lack of prosecution. (ECF No. 33). Plaintiff was directed to file his response to the Motion for Summary Judgment by July 29, 2024.

The matter now comes before this Court for review of the Report filed by the Magistrate Judge. (ECF No. 33). The Report recommends that Plaintiff's claim be dismissed for lack of prosecution. (ECF No. 33 at 2). Plaintiff has not responded to Defendant's Motion for Summary Judgment or the Report and the deadline to file his response has passed. Thus, this matter is ripe for review.

## II.  STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report

thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III.   DISCUSSION

The Report prepared by the Magistrate Judge recommends that Plaintiff's claim be dismissed for lack of prosecution. (ECF No. 33 at 2). When the Report was issued, Plaintiff was counseled to file a response to the Motion for Summary Judgment or risk having his case dismissed for lack of prosecution. *Id*. Plaintiff was advised that had until June 29, 2024 to submit a response. *Id*. To date, Plaintiff has submitted no response. As Plaintiff has failed to object to the Report or file a response to Defendant's Motion for Summary Judgment, the Court is not required to give an explanation for adopting the recommendation. A review of the Report and other related filings indicates that the Magistrate Judge correctly concluded that Plaintiff's case should be dismissed for lack of

prosecution.

## IV. CONCLUSION

The Court has carefully reviewed the Report, Plaintiff's Complaint, and other relevant filings. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. For the reasons stated by the Magistrate Judge, the Report, ECF No. 33, is **ACCEPTED**. The case is **DISMISSED WITH PREJUDICE** for lack of prosecution.

**IT IS SO ORDERED.**

August 14, 2024　　　　　　　　　　　　　　　　Joseph F. Anderson, Jr.
Columbia, South Carolina　　　　　　　　　　　United States District Judge